THOMAS F. GIBBONS *vs.* WALTER F. FITZPATRICK, City Treasurer.

MARCH 5, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, and Condon, JJ.

40

CONDON, J.  This is an action of trespass on the case brought by the plaintiff against the city of Providence for injuries alleged to have been suffered by him from being struck by a piece of coping or metal beading which fell from the city hall while he was walking along the sidewalk on Dorrance street, a public highway in said city.

The plaintiff in his writ and declaration has described his action as "trespass on the case for negligence" but his counsel argues that the facts which he alleges in his declaration constitute a nuisance.  He alleges that "on the said 8th day of July, A. D. 1931, said City of Providence had carelessly and negligently allowed and permitted said, to wit, metal beading, decoration or coping, to be and become rotten, decayed, weak, and unsecurely fastened and sustained in position, on the part thereof along said Dorrance Street over and above the entrance to said City Hall, and the same then and there was and for a long time prior thereto, to wit, many years, had been by reason of said

carelessness and negligence rotten, decayed, weak and unsecurely fastened and sustained in position and was then and there likely to fall. By reason whereof it was unsafe and dangerous and it was a menace to persons lawfully on said highway, all of which the defendant then and there knew or by the exercise of reasonable diligence could have known." It is not necessary to further allege in the declaration that said facts constitute a nuisance in order for the plaintiff to be entitled to the benefit of the law of nuisance. *Braun* v. *Iannotti*, 54 R. I. 469; *Sullivan* v. *Waterman*, 20 R. I. 372.

We shall treat the case, therefore, as an action of trespass on the case against the city for a nuisance. As was said in *Braun* v. *Iannotti, supra,* the use of the word "negligent" does not convert the action into one based on negligence merely. In that case this court looked at the whole declaration and found that the gist of the action was not negligence but nuisance.

The defendant demurred to the declaration on the following grounds: "1. Said declaration fails to state a cause of action. 2. It does not appear in and by said declaration that the plaintiff filed a claim against said defendant in accordance with the provisions of section 13 of chapter 47 of the General Laws of 1923. 3. Said declaration charges the defendant with the maintenance and repair of the city hall in Providence, said building being operated and maintained as part of the governmental function of said city."

After hearing before a justice of the superior court, the demurrer was sustained on the second and third grounds. Plaintiff filed an exception to this ruling of the trial justice and the case is now before us on this exception.

The third ground of demurrer raises the real issue between the parties. In substance that issue is this: Is the city liable for injuries to a person while lawfully on the sidewalk of a public highway, which are caused by the unsafe and dangerous state of disrepair of the city hall amounting to a

public menace, when the city had knowledge, or in the exercise of reasonable care would have had knowledge of said state of disrepair and the resulting menace? We have here not the usual case of a person injured by some depression or some obstruction in the surface of the sidewalk, nor have we the other class of cases where recovery is sought for an alleged defect in a city hall or for some negligence in its operation whereby injury is caused to one in the building. This plaintiff was not in the city hall nor in the act of entering therein, but was merely walking along the adjacent sidewalk.

Counsel for the plaintiff urges that the declaration charges the city with creating and maintaining a nuisance, which it knew or ought to have known exposed persons lawfully on a public highway to danger of bodily harm and which, in fact, resulted in bodily harm to the plaintiff. His theory is that, even though a public building may be used by a municipality in the performance of a governmental function, such use does not exempt it from liability when a nuisance is in fact created, which nuisance the municipality, with actual or constructive notice of its existence, permits to exist and continue to the damage of a person lawfully on a public highway. The plaintiff does not base his claim on our highway statute or solely on ordinary negligence. On the contrary he has pleaded facts which he contends constitute an actionable nuisance. It is not strongly argued that his pleading of these facts is insufficient to sound in nuisance, and it is clear to us that this declaration is not open to such objection. The allegations therein made follow very closely those in a declaration of a case of nuisance against a private party which this court held valid in *Keeler* v. *Lederer Realty Corp.*, 26 R. I. 524. The substantial question presented by the defendant's demurrer, therefore, is one of pleading only and not one of proof. That question is: Does the declaration state a case of actionable nuisance against the city in view of the fact that

the city hall is used by the city in the performance of its governmental functions?

We think the allegation of facts, constituting a nuisance, contained in the plaintiff's declaration, take this case out of the category of cases where it is sought to hold a municipality liable for injuries due merely to the negligent performance of its governmental functions. The Rhode Island cases cited by the defendant—*Wixon* v. *Newport*, 13 R. I. 454, *Dodge* v. *Granger*, 17 R. I. 665, and *Blair* v. *Granger*, 24 R. I. 17—did not involve in any way the creating or maintaining of a nuisance by a municipality, but rather the negligent performance by its agent of a public duty imperatively imposed. In *Dodge* v. *Granger, supra,* while this court held that the city of Providence was not liable for an injury caused by a fire department truck which, while being cleaned, was permitted for an hour to project over the sidewalk in front of the engine house, it recognized that the city would be liable for permitting a nuisance under its control to exist after due notice thereof.

In the instant case, it is alleged that the city of Providence knowingly or negligently permitted its city hall, abutting upon Dorrance street, a public highway, to become and to continue a menace and a danger to persons lawfully on the sidewalk of said highway, by reason of the state of disrepair in which the building had been allowed to fall. These allegations against the defendant city charge a nuisance in fact. It has been said that when a city creates a nuisance, it is not exercising a governmental function but is doing something forbidden by the law. *Bruhnke* v. *LaCrosse*, 155 Wis. 485.

Undoubtedly in maintaining a city hall, the city of Providence acts in a governmental capacity. In its operation and control thereof, it is not in general liable for the negligent acts of its servants and agents. But, if the city allows its city hall, abutting upon a public highway, where the public are accustomed to pass, to become and continue to be a nuisance, with actual or constructive knowledge

that it is in such condition as to be dangerous to passersby, and, by reason thereof, a person lawfully traveling along the sidewalk adjacent thereto is injured, it is liable in damages to such person.

In the instant case, we are not called upon to decide what evidence will be sufficient to make out the plaintiff's claim, but only whether the plaintiff has, by his declaration, stated a case which entitles him to a trial of the issues raised therein. In support of its demurrer, the defendant contends that the plaintiff is not so entitled because the alleged wrong suffered by the plaintiff arises out of the performance of a governmental function by the city of Providence for which no action lies. In other words, the defendant claims immunity from liability under such circumstances, even for creating and maintaining a' nuisance after it has notice thereof.

A municipal corporation has no more immunity than a private individual from liability for creating or maintaining a nuisance of which it has actual or constructive notice and which does not necessarily and naturally arise out of the performance of a governmental function. Wood, Law of Nuisances, (2d. ed.) 80, Sec. 74. *Mootry* v. *Town of Danbury*, 45 Conn. 550; *Winona* v. *Botzet*, 169 Fed. 321; *Knoxville* v. *Lively*, 141 Tenn. 22; *District of Columbia* v. *Totten*, 55, D. C. App. 312.

We hold, therefore, that the trial justice was not justified in sustaining the defendant's demurrer on the third ground. On the second ground, however, the demurrer was properly sustained, since in order to state a good cause of action, the declaration must allege compliance with the provisions of sec. 13, chap. 47, G. L. 1923, as to notice; but this defect is amendable.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings in accordance with this opinion.

*Joseph H. Coen*, for plaintiff.

*John C. Mahoney, City Solicitor, John T. Walsh, Assistant City Solicitor*, for defendant.