MANUEL ROSE *vs.* STANDARD OIL COMPANY OF NEW YORK, INC.

SAME *vs.* SOCONY–VACUUM CORPORATION.

JOSEPH ROCHA *vs.* SAME.

JUNE 4, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Moss, J. These are proceedings on petitions which have been filed in this court by the plaintiffs in three actions at law in the superior court, named as above, and which seek the issuance of writs of *certiorari* for the purpose of quashing in each of these cases the record of the denial by the superior court of the plaintiff's motion for leave to file a second amended declaration. Writs have been issued as prayed and the superior court papers and records in the three cases are now before us.

From a legal point of view, the three cases are just alike and the proceedings therein have been the same. In the rest of the body of this opinion, therefore, we shall, for convenience, refer only to one of the cases. The plaintiff therein brought an action which is described in the writ as "an action of trespass on the case for causing a nuisance," and filed a declaration and later an amended declaration. In the latter he set forth many details, but the substance is that the defendant had a tract of land on which it operated a large oil refinery, preparing gasoline and other petroleum products; that in the operation of this refinery it from time

to time permitted to be discharged on its land large quantities of petroleum, gasoline, and other petroleum products and waste substances, which it was its duty to confine to its own land; but that it wrongfully permitted large quantities of such products to escape from time to time from its own land, by means of percolations, into and through the plaintiff's farm nearby, thus creating a nuisance, and damaging greatly his land, polluting the drinking water therein and causing great loss of life among his hogs and hens and otherwise causing him great damage.

No negligence by the defendant was alleged and on that ground a demurrer filed by the defendant to the amended declaration was sustained by the superior court. That ruling was brought to this court by the plaintiff on a bill of exceptions and was affirmed. *Rose* v. *Socony-Vacuum Corp.*, 54 R. I. 411, (1934). [The gist of the decision of this court then was that there is no absolute duty upon anyone carrying on a necessary business, like that of oil refining, in an industrial region, to prevent the escape from its land, by percolation in unknown, underground courses, into and through neighboring land, of deleterious substances which it uses or produces in the ordinary course of its business operations and which thus cause damage to the owner of such neighboring land;] and that, as the declaration did not allege that the plaintiff's damage was caused by any negligence or willful misconduct by the defendant, the demurrer was properly sustained.

Almost immediately after the case had been returned to the superior court and before any judgment had been entered for the defendant, the plaintiff filed a motion for leave to file a second amended declaration. Later he submitted a form for such a declaration, which he proposed to file, if given leave by the court. This was in seven counts. In each of these, damage to the plaintiff was alleged to have been caused in substantially the same way as alleged in the first amended declaration, except that in each count some particular instance or manner of the escape

of deleterious matter·into its land and from that into his land was alleged and it was further alleged that such escape was caused .by negligence on its part, in certain ways described, in failing to use due care to prevent the escape of such matter into its land and thence into his land. He thus tried to supply the element of wrongful action or inaction by the defendant, the lack of· which had been held to be a fatal defect in the first amended declaration.

When the plaintiff's motion for leave to file such second amended declaration came before the superior court for hearing, the defendant objected and the court denied the motion, basing the denial on the ground that the proposed declaration set forth a different and new cause of action.· In particular it held that the proposed amendment·would introduce a new and different cause of action, because the same evidence would not support both of the pleadings, and because the allegations in the two would not be subject to the same defenses.

Without seeking to have this action of the superior court, in denying the motion to amend, reviewed by this court on a bill of exceptions, the plaintiff filed the petition for a writ of *certiorari*. The defendant opposes the petition on two grounds. The first is that such an action by the superior court is not reviewable in *certiorari* proceedings but only by bill of exceptions. The second is that the action was correct for the general reason given, *viz.*, because the proposed declaration alleged a different and new cause of action.

To take up in their order these two grounds, it was held by this court in *Hebert* v. *Handy*, 28 R. I. 317, that: "The plaintiff's bill of exceptions, allowed upon an exception taken to the denial of his motion for leave to amend his declaration, must be dismissed without prejudice. We do not find any provision in the court and practice act allowing an exception to the granting or refusal by the Superior Court of a motion to amend." It went on to say that the decision of such a motion is left to the discretion of the

court. It said also that a declaration may be amended, in the discretion of the superior court, after a substantial demurrer has been sustained to it; and that, when the case has been sent back after this court has overruled an exception to such a ruling, the superior court has the same power to permit an amendment of the declaration as if no exception had been taken to the previous ruling.

As the superior court in that case had denied the motion to amend the declaration on the ground that it then had no power to grant it, this court directed that the motion be reheard and decided by that court. There has been no statutory change which could alter the matter, and the case still stands for the rule that a decision by the superior court on a motion to amend a declaration cannot be brought to this court for review on a bill of exceptions based only on an exception to such ruling.

Counsel for the defendant urge that in *Plaine* v. *Samdperil*, 54 R. I. 214, the plaintiff brought his case before this court on exceptions to the denial by the superior court of his motion to amend his declaration, and that this court sustained his exceptions, thus approving that course of procedure. In that case the action was on an *assigned* debt, as appeared on the face of the declaration, but the writ was in the name of the assignee only, instead of being in the name of the assignor for the use and benefit of the assignee, as required by the established procedure in this state. When the case was called for trial the plaintiff moved for leave to amend the writ and declaration to conform with that procedure. This motion was denied and at the conclusion of the trial a verdict for the defendant was directed on his motion therefor, evidently because of the way in which the action was brought.

The plaintiff then brought the case to this court on exceptions taken by him to these two separate actions by the superior court. This court sustained both exceptions, saying that the motion to amend should have been granted, since the mistake clearly appeared in the declaration, which

recited the assignment, and the trial court had the statutory power, in such a situation, to allow the plaintiff to correct the mistake. This court remitted the case to the superior court for a new trial, with direction to allow the writ and declaration to be amended. In *that* case, the refusal to allow the amendment led directly, at a trial which followed immediately, to a final decision of the case, against the plaintiff, to which an exception was taken. Of course a review by a bill of exceptions was available and the case is clearly distinguishable from *Hebert* v. *Handy, supra,* and the instant case.

On the other hand, it was recognized in *Colitz* v. *Gilbert,* 53 R. I. 319, that *certiorari* was the proper procedure for reviewing the action of the superior court in granting the plaintiff's motion to amend his declaration after eight years had elapsed and the defendant had died; and such action was quashed. This court said that generally the action of the superior court in granting or denying such a motion will not be disturbed in the absence of an abuse of discretion by the lower court; but that in such a matter the discretion of the court must be exercised in the light of reason applied to all the facts and with a view to the rights of all the parties to the action. See also *Atlantic Mills* v. *The Superior Court,* 32 R. I. 285. We do not find that any of the authorities cited for the defendant in the instant case, as being against the use of the writ of *certiorari* in such a case, are in point.

We are of the opinion that justice requires that before any other proceedings are taken in the superior court the plaintiff be entitled to a determination by this court of the question whether that court committed a clear abuse of discretion; that procedure by bill of exceptions is not available; and that therefore the plaintiff chose the proper method for obtaining such a review by filing his petition.

The defendant's counsel also contend that "negligence constitutes a new, entirely different cause of action from nuisance." This is also, in substance and effect, the ground

that the superior court gave for denying the plaintiff's motion for leave to file the proposed second amended declaration, which really merely added to the other amended declaration further details and specifications of how the defendant permitted the deleterious substances to get into the soil of its property, and charged that this was done negligently, and specified the nature of the negligence.

We are unable to agree with this contention. An action to recover for indirect damage to a plaintiff's property, of which the proximate cause is negligence by the defendant, is not a distinct kind of action. Nor is an action to recover for indirect damage to a plaintiff's property by a nuisance, for which the defendant is responsible, a distinct kind of action. They are both included in actions of trespass on the case for damage to property.

Moreover, they are not mutually exclusive. The characteristic of an action for damage caused to another by negligence is that the *original* cause of the damage is negligence and not intentional misconduct or the failure to perform an absolute duty to prevent damage from occurring to another in a certain way. The characteristic of an action for damage from a nuisance is that the *immediate* cause of the damage is the *continuance* of a harmful or dangerous condition of affairs or the continued and more or less frequent *repetition* of a cause of damage. An action for damage resulting from a defendant's negligence may involve an actionable nuisance or it may not, according to the way in which the cause of the damage operates. In like manner, an action for damage from a nuisance may involve negligence, intentional misconduct by the defendant, or the failure to perform an absolute duty to prevent the nuisance, according to the circumstances, the nature of the nuisance, and the legal doctrine prevailing in the jurisdiction where the action is brought, as to what constitutes an *actionable* nuisance.

Thus, if one starts a fire on his own land with the intention of having it spread to his neighbor's land, or negligently

permits it to get started on his own land with the knowledge that it is likely to spread to his neighbor's land, and in either case it does so spread and. causes damage to the neighbor's property, the latter has a good cause of action in trespass on the case; but he will have no cause of action, if his damage is not caused by either intentional misconduct or negligence by the former. But, if one man allows large volumes of smoke, produced by manufacturing operations which he carries on upon his own property, to escape therefrom continuously and to render residence on neighboring land so uncomfortable and unhealthful as to cause damage to its owner, the latter has a cause of action for that damage against the former, although the former may have used all reasonable care to prevent the nuisance. This is so because damage from such a nuisance is recoverable, irrespective of negligence or active misconduct by the man whose business operations have produced the smoke that has escaped into the air. If negligence by the defendant is in fact a part of the chain of causation, the cause of action is one for damage from negligence as well as from an actionable nuisance and it may be declared on in either way or in both at once.

A nuisance of a different kind is involved in the instant case, in which this court, in 54 R. I. 411, decided, in accord with cases in some states and *contra* to cases in some other states, that damage to the plaintiff's property from oil, gasoline and other deleterious substances continuously escaping from the defendant's land and into and through the plaintiff's land, by unknown underground courses, cannot be recovered by him, unless he can prove that the escape of such substances was caused by negligence, at least, of the defendant. Yet such damage would have been caused by what would be in the nature of a nuisance, though not actionable unless the defendant is chargeable with negligence at least.

That a nuisance may or may not be actionable without the element of negligence in its causation, according to the

nature of the nuisance, is well settled. As stated in 46 C. J. 663, "A nuisance may exist either with or without negligence. A nuisance in many, if not in most, instances presupposes negligence, especially with respect to buildings or premises. In some instances a liability may arise and a recovery be had on either theory." *Dunsbach* v. *Hollister*, 49 Hun. 352, affirmed in 132 N. Y. 602; *Jeffers* v. *Montana Power Co.*, 68 Mont. 114. 2 Wood on Nuisances, (3d ed.) 1276. Joyce on Nuisances, § 92. In the *Jeffers* case, the court says, at page 138: "Each case must be governed by its own facts, and no hard-and-fast rule can be laid down, by which to determine when it is necessary to allege and prove negligence in an action for a nuisance."

All this is entirely consistent with the opinion of this court in *Braun* v. *Iannotti*, 54 R. I. 469. There the action was trespass on the case to recover damages caused by smoke from the furnace in the defendant's greenhouse, located near the plaintiff's dwelling house. The declaration alleged that the escape of the smoke was the result of negligence by the defendant and did not even mention the word "nuisance." Yet this court held, in substance and effect, that the declaration alleged facts which constituted a case of nuisance actionable without proof of negligence; and that, as there was proof of the facts alleged other than negligence, it was error for the trial court to direct a verdict for the defendant on the ground that there was no evidence of negligence.

In the instant case the proposed second amended declaration is based on the theory of nuisance, just as was the first amended declaration, which this court held to be invalid because it did not contain an allegation of negligence by the defendant, an allegation which the plaintiff contended to be unnecessary to make recoverable the damages caused by the kind of nuisance alleged. Our conclusion is that the proposed amendment simply states better and more fully the same cause of action which the plaintiff tried to state in his previous declaration, but failed, because he omitted

an allegation which he believed to be unnecessary and this court found to be necessary. There is no inconsistency between the two declarations; the damages are the same; the nuisance is the same; the statement of how the nuisance was caused is the same, except that in the proposed amendment that statement is fuller and more precise and one other element in the chain of causation, negligence by the defendant, is added. It still remains a nuisance case. *Gibbons* v. *Fitzpatrick*, 56 R. I. 39, 183 A. 642.

The general rule that should be applied, in deciding whether a proposed amendment to a declaration would introduce a new cause of action, is that as long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The true test is whether the proposed amendment is a different matter or the same matter more fully or differently laid. 1 Enc. Pl. & Pr., 564, and cases cited. A test that is often very helpful is whether a recovery under the original declaration would be a bar to a recovery upon the amended one. It cannot be reasonably doubted that, if in the instant case the question of the necessity of proving negligence by the defendant had never been raised or had been decided the other way by this court and a judgment had been obtained by either party upon the merits, no new action could be maintained on a declaration in the form of the proposed second amended declaration in question. The matter would be *res judicata*.

Amendments making much more substantial changes in declarations have been held proper by this court. Thus in *Hobbs* v. *Ray*, 18 R. I. 84, the action was in trespass on the case for false imprisonment, but the declaration, while purporting to be for false imprisonment, really stated a case for malicious prosecution only. On this ground the defendant filed a demurrer to the declaration and a plea in abatement. This court said: "The gravamen of the

offense of false imprisonment is the unlawful detention of another without his consent, and malice is not an essential element thereof; while in an action for malicious prosecution, the essential elements are malice and want of probable cause in the proceeding complained of." Therefore it held that the demurrer should be sustained, but that, as the proper form of action for malicious prosecution, as well as for false imprisonment, was trespass on the case, the plea in abatement should be overruled and the plaintiff should have leave to amend his writ and declaration so that they would describe the cause of action as one for malicious prosecution.

Similarly, in *Barker* v. *Almy*, 20 R. I. 367, the original writ was in trespass on the case and the declaration sounded in trespass. Yet, as on the facts stated there was an alternative remedy in either trespass on the case or trespass, the plaintiff was permitted to amend his declaration so as to make it sound in trespass on the case. Again, in *Sweeney* v. *McKendall*, 32 R. I. 347, an action to recover for personal injuries which the plaintiff alleged he had suffered because the defendant had negligently allowed a brick to fall on the plaintiff's head, it was held proper for the trial court, even after the case had been opened to the jury, to permit the plaintiff—on fair terms, as to a continuance, etc., if sought by the defendant—to amend his declaration by adding an allegation that the plaintiff had been invited to come upon the premises, so as to change his alleged status from that of a bare licensee to that of an invitee, a substantial and important alteration, increasing the duty of the defendant.

In the instant case, the proposed amendment would be entirely consistent with the description of the cause of action in the writ as one in "trespass on the case for causing a nuisance," and the only substantial change which it would make would be to change a declaration sounding in nuisance, which this court has held to be insufficient, into a sufficient one, still sounding in nuisance, by adding an allegation of negligence by the defendant as the cause of

the escape of the deleterious substances into the defendant's land and thence into the plaintiff's.

Our examination of many pertinent cases and other authorities and our consideration of the whole subject have convinced us that the two alleged tests which the superior court relied upon in its decision, *viz.*, whether the same evidence will support both of the pleadings, and whether the allegations in each declaration are subject to the same defenses, are clearly not correct tests for a case of this kind, even if they may be for cases of some other kinds, as to which we express no opinion.

Our final conclusions are that in each of these cases the procedure by petition for a writ of *certiorari* is proper, and that the superior court clearly abused its discretion in denying the plaintiff's motion for leave to file his proposed second amended declaration.

In each case the record of the superior court of the thirtieth day of April, A. D. 1935, denying the motion of the plaintiff for leave to file a second amended declaration is quashed.

The records 'of the superior court are ordered to be returned to said superior court.

*William A. Needham, Albert A. Baker; Baker & Spicer,* for petitioners.

*Francis I. McCanna, Edward M. McEntee, Lee & McCanna,* for respondents.