260 P.2d 375

## SEILER v. CITY OF ALBUQUERQUE.

### No. 5595.

Supreme Court of New Mexico.

Aug. 12, 1953.

W. T. O'Sullivan, Albuquerque, for appellant.

Vance Mauney and Thomas G. Cornish, Albuquerque, for appellee.

SADLER, Chief Justice.

The plaintiff (appellant) seeks to reverse the action of the trial court in sustaining a motion by defendant (appellee) for judgment *non obstante veredicto* following the return into court of a verdict favorable to plaintiff. She sought damages for personal injuries suffered in a fall into a pool of water in the city of Albuquerque formed from water escaping through the break in a water main. There is little dispute in the material facts.

The injuries of which the plaintiff complains were suffered on March 25, 1950. She was driving her automobile along Indian School Road on the early morning hours of the date mentioned and had traveled about half a block after turning into Sawmill Road when she came upon a pool of water upon which some city employees were working in an effort to plug a break in the water main underneath. It was still dark as she approached the pool, a "puddle of water" as she called it, occupying only part of the road but of some appreciable size. It was over the middle line of the road but on its easterly side. The road was narrow and there was no way of proceeding without the left wheels of the car crossing the pool of water. As she entered the puddle of water the left front wheel

began to sink. She put on the brakes and this wheel continued to sink until it became stationary.

When this occurred the plaintiff got out of the car and stepped on what appeared to be some solid ground which immediately gave way and she was precipitated into a hole filled with water escaping from the broken water main. She was submerged up to her waistline where she remained some 5 to 10 minutes before being able to extricate herself which she finally did with the aid of some men nearby. A Mr. Rascom, maintenance man for the city water department who had been working on the break in the water main, transported the plaintiff to St. Joseph's Hospital in his car. She was a patient there for two weeks having her injuries treated, including a broken leg. She was on crutches and in a plaster cast for eight months. At the end of this time a second operation was performed to remove the surgical pins inserted at the time of setting the broken leg to facilitate healing. The verdict was for $2,000 and no complaint is made that it is excessive.

At this point in the street or road the sewer line had been placed under the water line in which the break occurred. Frank Rascom, the water department maintenance man, was called at his home about 3:30 or 4:00 A.M. March 25, 1950, and told there was a break in the water main in the 2200 block south of Indian School Road.

He arrived at the break with his assistant about 4:00 A.M. and they immediately began bailing out the water until they located the leak which was about three feet down under the street. There had been a leak at this same point some time previously, perhaps two, three or four months earlier. It was a much smaller leak than this one. The same saddle was leaking and the city repaired it.

There was evidence by the plaintiff tending to show negligence on the part of the city when it repaired the earlier break in failing to put in proper supports of stone or other material underneath the takeoff pipe to supply water to customers when they started refilling after the first repair job. The excavation for the sewer laid underneath the water main was sixteen feet deep and the water main only three feet below the surface. Except for the occasions of flooding mentioned, that occurring some two or three months previously and the one here involved on March 25, 1950, no instance of flooding the street or road had occurred. The plaintiff had traveled the road for two years before the accident and had never observed a puddle of water at this place before the day of the accident. The street was perfectly dry there when she traveled over it the day before. Pilar Sais, a witness for plaintiff whom she was befriending at the time by driving him to his brother's to secure aid in getting his "broken down" truck, trav-

eled this road constantly and had never seen water at this point before the time of the accident.

The theory of plaintiff's case is to be gathered from paragraphs 3, 4 and 5 of his complaint, which read:

"3. That on or about and prior to the 25th day of March, 1950, defendant was engaged in the business or non-governmental function of laying, installing, maintaining or removing certain sewer pipes or water pipes or conduits within the exterior limits and beneath the surface of the public highways aforesaid at or near the intersection aforesaid, and defendant was further so engaged in the business of grading, repairing and maintaining the surface of said public highways in connection with the work relating to the pipes or conduits aforesaid.

"4. That defendant negligently and carelessly so planned or performed the work aforesaid at the time and places aforesaid that large pools of water were allowed to and did form and accumulate from time to time and for an unreasonable length of time upon the surface of Sawmill Road at or near the intersection aforesaid, and said pools of water then and there constituted hidden traps for persons entitled to travel upon and along said public highway, in that the depth of said pools was deceptive, and the fill or material beneath the same was apparently firm but actually so soft and yielding that it constituted a great hazard and nuisance for travelers upon said public highway.

"5. That on said 25th day of March, 1950, plaintiff was lawfully and properly driving a certain automobile upon and along said Indian School Road and was engaged in making a turn therefrom and into and upon said Sawmill Road, and while so proceeding upon said Sawmill Road, and by reason of the negligence and carelessness of defendant aforesaid, plaintiff was caused to and did drive said automobile into and through one of said pools of water and then and there said automobile sank in the soft surface beneath the same to such a depth that plaintiff was thrown violently and caused to and did suffer the injuries and damages more particularly hereinafter set forth."

The defendant's answer was as follows:

"Defendant states:

"1. Admits that defendant is a domestic municipal corporation; denies the remainder of plaintiff's allegations.

"*Affirmative Defenses*

"1. That if it should be determined that defendant is guilty of negligence, then plaintiff was guilty of contribu-

tory negligence, the proximate cause of injuries she may have received, and expenses incurred thereby and therefore barred from recovery.

"2. That this action is barred by the Statute of Limitations, to-wit: Section 27–122, N.M.S.A., 1941, providing that no action to recover damages for personal injury resulting from the negligence of any city shall be commenced except within any year next after the date of such injury.

"Wherefore, defendant asks that plaintiff's complaint be dismissed with costs to the plaintiff."

Subsequent to the filing of its answer and prior to trial, the defendant filed a so-called "Supplementary Answer," reading as follows:

"1. That as a matter of law conditions alleged and complained of in Plaintiff's Complaint do not constitute a nuisance."

The motion for judgment *non obstante veredicto* invoked a ruling whether in spite of submission of the case to the jury, the cause of action sued upon was not barred by 1941 Comp., § 27–122 as being one for personal injuries based on negligence of a city, and further insisted that even though the negligence complained of be in the maintenance of a nuisance that the statute still stood as a bar, the paragraph urging

the last position mentioned being paragraph 3 of the motion, reading:

"3. That even if the City of Albuquerque has maintained a nuisance, plaintiff still has no cause of action herein as the Legislature intended when it enacted Section 27–122, New Mexico Statutes Annotated, 1941, that claims of nuisance, which nuisance is based, predicated upon and arises out of the negligence of the City are to be barred in accordance with the provisions of the above indicated statute."

Although trial court in its instructions submitted the issue of nuisance to the jury as a basis of liability, it was done over defendant's objections. Upon the incoming of the verdict for plaintiff, the court in the meantime having concluded the action was one for negligence, whether based on nuisance or not, held the action barred by the limitations expressed in 1941 Comp., § 27–122. Accordingly, it sustained the motion of defendant for judgment *non obstante veredicto*. The process of reasoning operating in the trial judge's mind is well illustrated by this language in a written opinion filed by him in the case, as follows:

"The question for decision in this case is: Is this action barred by the statute of limitations, since it was filed more than one year after the date of the injury?

"The 1st paragraph of the Annotation in 155 A.L.R. 60 states: 'In other words, liability for nuisance does not depend upon negligence.' If we follow that rule of law in this case, then we might say that the statute of limitations, Sec. 27–122, N.M.S.A.Code, does not bar this action. On the other hand in the case of McFarlane v. Niagara Falls, 57 A.L.R. 1 states in effect that 'a rose by any other name is still a rose' and that where nuisance results from negligence, there is still negligence even though called 'nuisance' and that the defense of contributory negligence is good defense to such nuisance action.

\*     \*     \*     \*     \*     \*

"In any event, the liability of the City here, if any, rests upon negligence; calling that negligence by a different name of nuisance does not change the legal aspect of this case.

"With this analysis in mind, Sec. 27–122, N.M.S.A. (1941 Comp.) becomes clear: 'No suit for the recovery of judgment \* \* \* for personal injury \* \* \* resulting from the negligence of any City \* \* \* shall be commenced except within one (1) year next after the date of such injury'.

"This action was filed more than one year after this injury. It is a negligence action. It is barred by the statute.

"The verdict of the jury will be set aside. Judgment will be entered for defendant City."

It is difficult to disagree with the rationale of the trial judge's observations. Counsel for plaintiff himself does not contend this action is not barred by 1941 Comp., § 27–122 if it be one in which damages are sought for personal injuries by reason of negligence. The injuries were suffered March 25, 1950 and the action was not commenced until April 9, 1951. The statute mentioned, so far as material, reads:

"No suit, action or proceeding to recover damages for personal injury or death resulting from the negligence of any city, town or village, or any officer thereof, shall be commenced except within one (1) year next after the date of such injury. All such suits, proceedings or actions not so commenced shall be forever barred, \* \*."

It seems obvious that unless the trial court could appraise the facts here in evidence as disclosing a nuisance which did not have its origin in negligence, it could properly do no less than grant defendant's motion for judgment *non obstante veredicto*. More especially, if the trial court saw in the facts presented no nuisance at all, its duty to render judgment for defend-

ant was just as plain and clear. Under either view to be taken of the facts (1) whether as a plain and simple action of negligence; or (2) as a nuisance based on negligence, the statute invoked forms an impassable barrier to prosecution of the action and the motion for judgment notwithstanding the verdict was properly sustained. McFarlane v. City of Niagara Falls, 247 N.Y. 340, 160 N.E. 391, 57 A.L.R. 1.

We are not unmindful of the confusion existing when a disertation upon the law of nuisance is undertaken. Prosser on Torts, 549, declares: "There is perhaps no more impenetrable jungle in the entire law than that which surrounds the word nuisance." Neither do we ignore the fact that there may be a nuisance without negligence. Rose v. Standard Oil Co., 56 R.I. 272, 185 A. 251. What we do say is that in a case such as this the action fundamentally is one for personal injuries based on negligence whether labeled one for nuisance or for negligence. McFarlane v. City of Niagara Falls, supra [247 N.Y. 340, 160 N.E. 392]. As said by the late Judge Cardozo in the case just cited:

"It would be intolerable if the choice of a name were to condition liability. The snow or ice suffered by a municipality to remain upon the walk is one wrong, *and one only*, whatever the traveler may call it. Williams v. City of New York, 214 N.Y. 259, 108 N.E. 448." (Emphasis ours.)

We have had before us somewhat recently cases involving liability of municipalities for personal injuries or death suffered on streets or sidewalks but in none of them was liability predicated on the theory of nuisance, though in some, at least, the facts would have accommodated themselves to such a theory as readily as do those of the present case. Williams v. City of Hobbs, 56 N.M. 733, 249 P.2d 765; Primus v. City of Hot Springs, 57 N.M. 190, 256 P.2d 1065. We think the plaintiff seeks to have us construe the statute involved with a refinement we cannot indulge in an effort to evade falling under its interdiction. It manifestly was intended to cover the situation disclosed by the facts of this case.

Finding no error, the judgment reviewed will be affirmed.

It is so ordered.

McGHEE, COMPTON, LUJAN, and SEYMOUR, JJ., concur.