423 P.2d 876

**Blanche JELLISON, Plaintiff-Appellant,**

v.

**Mr. and Mrs. Clarence A. GLEASON, Defendants-Appellees.**

**No. 8161.**

Supreme Court of New Mexico.

Feb. 13, 1967.

R. F. Deacon Arledge, Epifanio Garcia, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Henry G. Coors, Albuquerque, for appellees.

## OPINION

CARMODY, Justice.

This appeal is from the action of the trial court in granting a directed verdict at the close of the plaintiff's case.

The parties will be referred to as they appeared in the court below.

The issues raised relate to the liability of a landlord to a social guest of a tenant because of a defective condition in the premises. Plaintiff urges that liability arose for one of two reasons, (1) that the defective condition amounted to a nuisance, and (2) that the landlord was under a duty to use ordinary care to prevent injury to the social guest of the tenant because the entire premises were a place of danger.

There is little dispute about the facts. The defendants, who lived elsewhere, were the owners of a house and had allowed their son, daughter-in-law and children to live in the premises without the payment of rent. The 72-year-old plaintiff was the grandmother of the tenant's wife. The house had been moved on the property sometime previously and the tenants had lived there for some two and a half years. The outside of the house had not been completed, as there was no way to use the front entrance because of lack of steps to the porch and the only means of entrance and exit was through the back door. Outside of the door there was what was termed a "stoop," being some sort of a concrete platform. The vertical distance from this platform to the ground was approximately fourteen and a half inches and there was no step in between. The ground was generally level, but had some small indentations. The plaintiff had been to the premises to visit her granddaughter and children on several occasions some months previous to the accident. On the day of the accident itself, the plaintiff went to the house to pick up some keys and a vacuum cleaner which her granddaughter had been keeping for her. Plaintiff parked her car and went into the house through the back door. After remaining a few minutes, she left without difficulty, went to her car and drove away. Shortly thereafter, she returned because she had forgotten the vacuum cleaner, again went into the house by the same entrance, picked up the vacuum cleaner and its attachments, went outside,

and, apparently in stepping off of the "stoop" or platform, fell, and as a consequence broke her hip. The episode occurred in broad daylight, the sun was shining and it is not urged that the condition was other than obvious.

Plaintiff seems to claim that even though she was a social guest of the tenant, nevertheless the house having been kept in the dangerous condition for some two and a half years, she should be allowed to have the matter submitted to the jury on the theory that the condition amounted to a nuisance. This assertion is grounded upon the fact that the step was about double the height of an ordinary step.

■ The condition of the premises was not a public nuisance as defined by § 40A–8–1, N.M.S.A. 1953; therefore, if a nuisance at all, it would have to be found to be a private nuisance. We do not believe that it was. A private nuisance is a civil wrong based on a disturbance of rights in land. Prosser, Torts, 3d ed. 1964, § 87, at 594. Here there was no wrongful invasion of property rights. Compare Wofford v. Rudick, 1957, 63 N.M. 307, 318 P.2d 605. See Lederman v. Cunningham (Tex. Civ.App.1955), 283 S.W.2d 108, involving a ramp; and Schiavone v. Falango, 1962, 149 Conn. 293, 179 A.2d 622, where a step was involved, both of which held there was no nuisance. Neither the cases nor the text authorities support the argument that the nuisance theory is applicable to a condition such as is here present.

■ In any event, it makes little difference because "the action fundamentally is one for personal injuries based on negligence whether labeled one for nuisance or for negligence", Seiler v. City of Albuquerque, 1953, 57 N.M. 467, 260 P.2d 375, and the latter is the second point on appeal.

■ Plaintiff contends that, inasmuch as the entire premises were a place of danger because the defendants had never completed the job of repairing the entrance, the defendants were under a duty to use ordinary care to prevent injury to the plaintiff. In this connection, plaintiff seems to agree that, as far as the tenants were concerned, her status was a social guest or a licensee, but that as to the defendants or the landlord, she somehow became an invitee. In part at least, this is based upon the fact that the defendant, Mrs. Gleason, telephoned her daughter-in-law (the tenant) that the plaintiff was coming to the house. How this telephone call changed the status of the plaintiff from a licensee to an invitee, when its only purpose was to advise the granddaughter that her grandmother was coming to see her, is somewhat difficult, if not impossible, for us to follow. In our opinion, the plaintiff was a licensee, and the law is quite clear that a licensee enters with the understanding that he will take the land as the possessor himself uses

it. See Restatement of Torts (Second), § 343, comment b, and § 330, comment h (3). See also Chavez v. Torlina, 1909, 15 N.M. 53, 99 P. 690; Corcione v. Ruggieri, 1958, 87 R.I. 182, 139 A.2d 388; Marsh v. Goldstein, 1960, 341 Mass. 83, 167 N.E.2d 158; and Tharp v. Tharp (Ky.1961), 346 S.W.2d 44. Plaintiff was only entitled to expect to be placed on equal footing with the possessor and to have adequate disclosure of any dangerous conditions known to the possessor. Of course, it is obvious that the dangerous condition, if such it was, was as apparent to the plaintiff as it was either to the tenant or the defendants themselves. It was not a "trap" as urged by plaintiff.

The applicable rule as to liability to a licensee appears in Restatement of Torts (Second), § 342, and was quoted by us in Mozert v. Noeding, 1966, 76 N.M. 396, 415 P.2d 364. It need not be repeated here. As a matter of law, the defendants were not subject to liability to the plaintiff under the facts proven at the trial. Reasonable minds could not differ either that there was no unreasonable risk or danger or that if there was such danger that it was readily observable to the plaintiff. Compare Crenshaw v. Firestone Tire & Rubber Company, 1963, 72 N.M. 84, 380 P.2d 828; and Caldwell v. Johnsen, 1957, 63 N.M. 179, 315 P.2d 524. See Fleck v. Nickerson, 1965, 239 Or. 641, 399 P.2d 353.

The case so strongly relied upon by plaintiff, Taylor v. New Jersey Highway Authority, 1956, 22 N.J. 454, 126 A.2d 313, 62 A.L.R.2d 1211, differs in its facts and we decline to apply the law there stated to the facts we have before us.

The judgment is affirmed. It is so ordered.

COMPTON, J., and HENSLEY, Chief Judge, Ct. App., concur.