494 P.2d 187

George TILL and Irene Till, Plaintiffs-
Appellants,

v.

John R. GRAY and Bobbie D. Gray,
Defendants-Appellees.

No. 745.

Court of Appeals of New Mexico.

Feb. 4, 1972.

E. Douglas Latimer, John C. Maine, Jr., McAtee, Marchiondo & Michael, Albuquerque, for plaintiffs-appellants.

Clarence R. Bass, Shaffer, Butt & Bass, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

This is a "slip and fall," "mother and daughter" social guest case which occurred in defendants' home. Plaintiff, Mrs. Till, the mother of defendant Bobbie Gray, slipped and fell on a waxed floor and injured herself. The trial court granted defendants summary judgment. Plaintiffs appeal.

We reverse.

The following facts appear from the record:

Mrs. Till, 54 years of age, arrived at her daughter's home with her dog the night before the accident. The following morning, March 18, 1969, mother and daughter were chatting back and forth between two bedrooms. The mother was dressing. Suddenly, with a yell of surprise to the mother, the daughter shouted: "Mother, hurry and get this damn dog, she is going to wet on my carpet." The mother, with one sock on and one sock off, hurried across the hall to the daughter's bedroom. She reached down, scooped up the dog in her left arm and ran out of her daughter's bedroom, turned left in the hall, and when she did, her left foot with the sock on hit the waxed floor. Her feet went straight up and she fell down. She usually watched herself while walking on the floors, but when her daughter hollered "Hurry," she just hurried and jumped and ran. This caused her to give no thought to the floor, nor to the sock on her left foot. The floor had just been waxed the day before, and the daughter believed that if she had not then waxed, the accident may not have happened. She kept the floors too slick and did not warn her mother. However, the daughter had kept her floors highly waxed, slick as glass, for the preceding eleven years, and the mother knew this.

The rule applicable to a social guest is stated in Jellison v. Gleason, 77 N.M. 445, 423 P.2d 876 (1967). The "hurry" situation of this case was not present in Jellison, so there are factual issues concerning the adequacy of the disclosure of a dangerous condition and whether that condition was apparent. Thus, there are issues to be decided by the trier of fact concerning negligence and contributory negligence. There being material issues of fact, summary judgment was improper.

Since the case must be remanded for trial, the assumption of risk defense will be governed by Williamson v. Smith, 83 N. M. 336, 491 P.2d 1147, decided December 13, 1971.

Reversed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.