**David PALUMBO**

v.

**Barry YEAW, in his capacity as the Treasurer of the Town of Coventry.**

No. 93–237–Appeal.

Supreme Court of Rhode Island.

Jan. 28, 1994.

Paul S. Cantor, Kathleen Golini, Resmini & O'Hara, Providence, for plaintiff.

David E. Maglio, III, Kathryn Perrotta, Morrison, Mahoney & Miller, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before a panel of the Supreme Court on January 11, 1994, pursuant to an order requiring the parties to appear and to show cause why the plaintiff's appeal should not be summarily decided.

The plaintiff, David Palumbo (Palumbo), appeals from a Superior Court order granting the motion to dismiss of the defendant, the town of Coventry. This action arises out of a complaint, filed by Palumbo in April 1991, alleging negligence on behalf of the town for failure to repair, maintain, and inspect its public highway properly. In response to the complaint the town filed a motion for summary judgment based upon Palumbo's failure to comply with the notice

provisions of G.L.1956 (1991 Reenactment) §§ 45–15–5 and 45–15–9. In March 1992, the motion justice granted summary judgment "with prejudice." Subsequent to the granting of summary judgment, Palumbo objected to the inclusion of the words "with prejudice" in the order. A new order, deleting the words "with prejudice," was drafted and submitted to the motion justice. The motion justice did not take action on the redrafted order, and thus the initial order remains in full force and effect.

Because the trial justice did not take any action on the redrafted order, Palumbo did not consider the matter ripe for appeal. Consequently, in August 1992 he sent presentment notice to the town and filed a second action pursuant to § 45–15–5. Pursuant to this second action the town filed a motion to dismiss, asserting that the first order granting summary judgment "with prejudice" was still in effect. On the basis of the initial order of the first motion justice, a second motion justice granted the town's motion to dismiss, relying on the fact that the initial motion justice had not vacated her first order and "the file clearly and unequivocally [reveals that] the case is dismissed."

■ After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown. This court has reviewed the presentment requirement of § 45–15–5 in *Bernard v. Alexander,* 605 A.2d 484 (R.I.1992). We have held that the rationale behind the notice period of § 45–15–5 "was based upon the proposition that a city or a town should have a reasonable opportunity to settle a claim without putting the municipality to the expense of defending an action at law." 605 A.2d at 485.

"The clear thrust of [*Bernard*] was to reject any notion that the failure to make any presentment of claim or to wait the required length of time before bringing an action did not invalidate such action, nor would it support a motion for judgment on the merits. The sanction for having failed to file a notice of presentment and to wait the required period is that the action is subject to dismissal as prematurely

brought." *Blessing v. Town of South Kingstown*, 626 A.2d 204, 205 (R.I.1993).

We are of the opinion that a rigid application of the notice requirement of § 45–15–5 is unwarranted in this case. This defect is amendable. *See generally Gibbons v. Fitzpatrick*, 56 R.I. 39, 183 A. 642 (1936).

We are constrained to articulate the basic concept that summary judgment is a final action by its very nature. The inclusion of verbiage such as "with prejudice" is at best surplusage and redundant, as well as ineffective. Hence the record before the second motion justice is governed by *Bernard.* Consequently the amended complaint should not have been dismissed.

The ruling of the second motion justice is vacated, and the plaintiff's appeal is sustained.

SHEA, J., did not participate.