MICHAEL E. WHALEN *vs.* FRANK M. BATES, City Treasurer of the City of Pawtucket.

Pub. Stat. R. I. cap. 34, § 12, requires every person having a claim against a town or city to present to the town council of the town or to the city council of the city a particular account of his claim, and provides that if satisfaction

is not made within forty days after the presentment of such claim, he may commence his action for its recovery.

*Held,* that the presentation of the claim to the town council of the town or to the city council of the city is a condition precedent to the maintenance of an action against such town or city.

*Held,* further, that the presentation of a statement of a claim against a city to one branch of the city council of the city, addressed to that branch alone, is not a compliance with the statute.

In proceedings to lay out highways under Pub. Stat. R. I. cap. 64, §§ 32–46, the only personal notice required to be given is that provided for in § 35, which directs the town council or board of aldermen, as the case may be, within fourteen days after the commissioners have made their report, to cause personal notice to be served on all persons named in the report residing in the State.

Sections 32, 33, 34, which regulate the proceedings preliminary to the commissioners' report, provide merely for notice to parties interested in the land, which notice § 43 directs shall be given by publication in newspapers and by posting copies of the notice on or near the place of the proposed improvement.

*Held,* that where the commissioners have given the notice prescribed by § 43, every one having an interest in the land has constructive if not actual notice of the meetings of the commissioners, and that if any one interested in land required for the proposed improvement does not appear before the commissioners or make known to them his interest in the land, and present his claim for damages, he cannot object to the proceedings on the ground that he is not named in the report or that he was not served with personal notice, nor can he assert a claim for damages for the taking of his land.

Where one having an interest in land required for a highway laid out under Pub. Stat. R. I. cap. 64, §§ 32–46, appears before the commissioners in response to the notice given in accordance with § 43, and makes known his interest and his claim for damages, if the commissioners disallow his claim and report its disallowance, he then is entitled to personal notice of the filing of the report as prescribed by § 35, and can file his notice of intention to claim a jury trial and his claim for such trial and have his claim for damages passed upon by a jury; if on the other hand the commissioners omit his name from the report he may then, after having presented his claim to the town council or the city council, as the case may be, maintain an action of trespass on the taking of his land.

DEFENDANT'S petition for a new trial.

*November 7,* 1895. MATTESON, C. J. Pub. Stat. R. I. cap. 34. § 12, requires every person who shall have any claim against a town to present to the town council, or if it be a claim against a city, to the city council of the city, a particular account of his claim, and provides that, in case just and due satisfaction is not made within forty days after the presentment of the claim, he may commence his action for its recovery. The presentation of the claim to the *city council,*

in case of a claim against a city, is thus made a condition precedent to the maintenance of an action against a city. In the case at bar, the plaintiff's claim was never presented to the city council of Pawtucket, but a statement of it addressed, not to the city council, but to the mayor and board of aldermen, who constitute only one branch of the city council, was presented to the board of aldermen. We do not think that the presentation of the statement of the plaintiff's claim restricted, by the terms in which it was addressed, to the consideration of the mayor and the board of aldermen, or one branch of the city council, can be regarded as a compliance with the statute.

We think that the Common Pleas Division erred in its instruction to the jury that the plaintiff was not required to make known any claim that he had to the commissioners, nor to make known to them his relation to the property taken for the improvement, till he had received a notice specifically directed to him, and personally served on him by some proper officer, and that if he was not so notified and served with notice of the proceedings he was entitled to recover.

The proceedings for the widening of the street in question were taken under Pub. Stat. R. I. cap. 64, §§ 32 to 46. The only section of the statute which provides for personal notice is § 35. This requires that the town council or board of aldermen, as the case may be, shall, within fourteen days after the making of their report by the commissioners, cause personal notice to be served on all persons named in the report, residing in the State. As the plaintiff did not appear before the commissioners or make known to them his interest in the land, damages for the taking of which he sues, his name is not included in the report, and hence there was no occasion for the service of personal notice on him of the filing of the report of the commissioners directed by § 35.

Sections 32, 33 and 34, which regulate the proceedings preliminary to the report of the commissioners, provide merely for notice to parties interested in the land. Section 43 directs that notice under these sections shall be given by publication each week for two succeeding weeks in at least

two newspapers, such as the town council or board of aldermen may order, and by posting three or more copies of the notice in conspicuous public places on or near the place of the proposed improvement. As the interest of a tenant from month to month or from year to year in the land is created usually by an oral letting, and consequently does not appear in the land records, it would scarcely be practicable for a town council or board of aldermen, as the case may be, or for the commissioners of estimate and assessment, to ascertain the holder of such an interest, and to give him personal notice of the proceedings. The statute, therefore, wisely provides merely for notice of the proceedings by publication and the posting of copies of the notice. Having given the notice prescribed by § 43, the commissioners were authorized to hear and determine the claims of all persons interested in the land sought to be appropriated, and opportunity was afforded for all such persons to appear and be heard. By the publication of the notice in the newspapers and the posting of copies of it, as directed by the statute, the plaintiff had constructive, if not actual, notice of the meeting of the commissioners. It was his duty to have attended that meeting, and to have presented his claim. If he had done this, and the commissioners had disallowed his claim and had reported its disallowance, he would have been entitled to personal notice of the filing of their report, provided for in § 35, and could have filed his notice of intention to claim a jury trial and his claim for such trial, and thus had his claim for damages passed on by a jury : Or, if the commissioners had ignored his claim and omitted it from their report, he would have been in a position, having first presented his claim to the city council, as required by the statute, to maintain an action of trespass on the taking of the land. *Pettis* v. *City of Providence*, 11 R. I. 372. But having failed to appear before the commissioners in response to the notice, he cannot now be permitted to urge that the proceedings were unauthorized and to assert a claim for damages for the taking of the land. *Brown* v. *County Commissioners of Essex*, 12 Met. 208.

Defendant's petition for a new trial granted and case remitted to the Common Pleas Division with direction to render judgment for the defendant for costs.

*Charles E. Gorman & Peter J. Quinn,* for plaintiff.

*Thomas P. Barnefield,* for defendant.