STUYVESANT FISH *vs.* E. W. HIGBEE, Collector of Taxes.

NEWPORT—OCTOBER 8, 1900.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Pleading and Practice. Taxation. Recovery of Illegal Assessment.*

An action will not lie against the collector of taxes of a town in favor of a plaintiff to recover the amount of a tax alleged to have been illegally assessed against and compulsorily paid by the latter.
*American Bank* v. *Mumford*, 4 R. I. 478, limited.
*Semble*, Gen. Laws R. I. cap. 36, § 12, is broad enough to embrace the case at bar, and the action should be brought against the city treasurer and in accordance with the provisions of said section.

ASSUMPSIT. The facts are stated in the opinion. Heard by three justices, jury trial waived, under the proviso to section 3, chapter 222, General Laws R. I.

STINESS, J. This is an action to recover the amount of a tax paid to the defendant in his capacity as collector of taxes of the city of Newport, upon the ground that it was illegally

assessed. The plaintiff bases his right to bring an action against the collector upon *American Bank* v. *Mumford*, 4 R. I. 478.

The head-note of that case does, indeed, state that assumpsit lies against a collector of taxes to recover back the amount of a tax collected by him upon levy and sale under his warrant, when such tax has been illegally assessed upon the personal estate of a bank not liable to be taxed for personal estate ; and judgment in the case was given for the plaintiff. (1) We are of opinion, however, that the court did not intend to lay down the rule that the collector was the proper party to be sued, for it did not say so and did not refer to the point in the opinion. The question was not raised in the case, and probably it did not occur to the court in giving the decision. The questions argued and decided were the *form* of action ; that is, whether assumpsit would lie, and the liability for the tax. What the court said was that money compulsorily paid under a void assessment may be recovered back in an action of assumpsit. That the collector was a proper party is simply an implication from the judgment. In the following year, in *Greene* v. *Mumford*, 5 R. I. 472, a bill in equity brought against the collector to enjoin the collection of a tax improperly assessed, Ames, C. J., said : "If, by any act done under his warrant, the collector exceed its precept, he is a trespasser and liable as such. If the tax is illegal and void, and is extorted from the person rated by the duress of the collection warrant, it may be recovered back, with interest, in assumpsit, from the city." This last sentence clearly implies that the court regarded the city as the proper party. This is reasonable. A collector is the agent of the town or city in collecting a tax, and the town is really the only party interested in defending it. The money paid belongs to the town and not to the collector. The statute, Gen. Laws, cap. 36, § 12, provides that claims against a town for money due, "for any matter, cause or thing whatsoever," shall be presented to the town council for satisfaction before a suit can be brought. The purpose is to enable a town to examine the claim in order to avoid a suit, and the statute is broad enough to embrace the

restitution of a tax collected under protest, which the town was not entitled to hold. But if the collector can be sued and the town is to re-imburse him, the town must either pay the costs or leave that penalty upon the collector for faithfully executing his warrant. Moreover, if a collector is held to be liable, he will be placed in this dilemma : that he must, according to his own judgment, either decide that the tax is illegal, or else collect it at the peril of paying it back again, with interest and costs. If he should decide not to collect it, the town might still sue him on his bond, for non-performance of duty, upon the ground that the tax was legal and collectible. It cannot be that it was ever intended to put a collector in such a position. In *St. Mary's Church* v. *Tripp*, 14 R. I. 307, the case of *American Bank* v. *Mumford* was cited only to the effect that money compulsorily paid for a tax which is void for illegality may be recovered back in assumpsit. We think that the case should not be taken to go beyond this, for the reasons we have stated. We may also add that for many years the uniform practice, so far as we know, has been to bring such actions against the town treasurer.

Our opinion is that this action should have been brought against the city treasurer of Newport, according to the terms of the statute.

Judgment for the defendant for costs.

*William P. Sheffield, Jr.*, for plaintiff.
*J. Stacy Brown, City Solicitor*, for defendant.