Kenneth J. BERNARD and Kim Bernard, Individually and on behalf of the beneficiaries of Kenneth Bernard, deceased

v.

Bruce ALEXANDER, in his capacity as Treasurer of the City of Warwick. (Two Cases)

Robert KELLEY and Jacqueline Kelley, Individually and on behalf of the beneficiaries of Christopher Kelley, deceased

v.

Bruce ALEXANDER, in his capacity as Treasurer of the City of Warwick.

Nos. 90–602–M.P., 91–313–A. and 91–314–A.

Supreme Court of Rhode Island.

March 16, 1992.

R. Daniel Prentiss, Providence, for plaintiff.

Marc DeSisto, Keith B. Kyle, Carroll, Kelly & Murphy, Providence, for defendant.

OPINION

PER CURIAM.

The above-entitled actions for wrongful death have been consolidated for purposes of appeal. These cases present a single issue that we shall resolve in this opinion. This litigation arises out of two wrongful-death actions brought in the Superior Court for the County of Kent against the treasurer of the city of Warwick for negligence. The actions were brought by the beneficiaries of Christopher Kelley and Kenneth Bernard, who were struck and killed by an automobile while attempting to cross West Shore Road in Warwick on May 7, 1987, after attending an event at the Warwick Veterans High School.

In the case brought on behalf of Kenneth Bernard, notice pursuant to G.L.1956 (1988 Reenactment) § 45–15–5 was given to the Warwick City Council on April 16, 1990. The action was filed on May 3, 1990, prior to the expiration of the applicable statute of limitations, G.L.1956 (1985 Reenactment) § 10–7–2, as amended by P.L.1989, ch. 525, § 1. The defendant was served on May 7, 1990.

In the case brought on behalf of Christopher Kelley, notice pursuant to § 45–15–5 was given to the Warwick City Council on April 27, 1990. The action was then filed on May 3, 1990, prior to the expiration of the statute of limitations. The defendant was served on May 7, 1990.

In respect to both cases defendant moved to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure on the ground that plaintiffs had failed to state a claim upon which relief could be granted because they filed suit within the forty-day period following notice to the city council. A justice of the Superior Court granted defendant's motion to dismiss. From these judgments of dismissal plaintiffs have appealed.

The plaintiffs brought on behalf of Kenneth Bernard and Christopher Kelley iden-

tical actions in the Superior Court for the County of Kent forty days after filing notices of their claims. These cases were filed after the expiration of the statute of limitations, and consequently defendant moved to dismiss pursuant to Rule 12(b)(6) on the ground of the expiration of the period of limitations. A justice of the Superior Court denied these motions holding that the statute of limitations had been tolled during the forty-day waiting period. The defendant sought review of this determination by a petition for certiorari. The writ of certiorari was issued.

There is no question that § 45–15–5 requires every person who has a monetary claim against a municipality to present to the town or city council a particular account of his or her claim and if due satisfaction is not made by the town or city treasurer within forty days of presentment of such claim, such person may commence his or her action against the treasurer for recovery of the same. We stated in *Mesolella v. City of Providence*, 508 A.2d 661 (R.I.1986), that this forty-day requirement was not jurisdictional but that it was a condition precedent to filing suit, citing *Whalen v. Bates*, 19 R.I. 274, 33 A. 224 (1895), in respect to the predecessor of § 45–15–5. The effect of filing an action prior to the expiration of the forty days was not squarely addressed in *Mesolella* because the city had failed to raise the defense until nearly four years after the commencement of the action. In the instant cases the defense was properly raised. The waiting period prescribed by § 45–15–5 in the context of these cases is inconsistent with the statute of limitations ordained by § 10–7–2. Under these statutes either the waiting period must be dispensed with when it would have the effect of making it impossible to bring an action prior to the expiration of the statute of limitations or the statute of limitations would have to be tolled during the period of the required forty-day delay in commencement of the action. We must conclude that the Legislature in enacting these two statutes did not contemplate their coming into collision with each other as occurs in these cases. In such a situation it is our obligation to interpret both statutes so as to bring them into harmony with each other and to bring about a just result that would effectuate the underlying intent of the Legislature. *See, e.g., Brennan v. Kirby,* 529 A.2d 633 (R.I.1987); *Algiere v. Fox,* 122 R.I. 55, 404 A.2d 72 (1979); *Town of Scituate v. O'Rourke,* 103 R.I. 499, 239 A.2d 176 (1968).

We are of the opinion that the rationale behind this forty-day period was based upon the proposition that a city or a town should have a reasonable opportunity to settle a claim without putting the municipality to the expense of defending an action at law. Otherwise the action might be subject to abatement. However, in the instant controversy we are confronted with a situation wherein the failure to bring an action prior to the expiration of the forty-day period would result in the expiration of the statute of limitations. In this posture, we believe that a rigid application of the rule concerning the forty-day waiting period would be unjust. The plaintiffs would then be subject to the Hobson's choice of violating either the waiting period or the statute of limitations. No such choice need be presented.

We conclude that substantial justice would be served in such a situation by allowing the plaintiff or plaintiffs to bring an action within the forty-day period and then by staying upon request all proceedings until the forty-day period had expired. This would give the city or the town additional time in which to file an answer to the complaint or to respond to any requests for discovery. In this way the city or the town would avoid any more than minimal expense in responding to the action while considering whether the claim or demand should be paid.

In light of this conclusion we believe that the trial justice should not have granted the motion to dismiss under Rule 12(b)(6). The failure to wait for forty days before bringing an action would at most have warranted the abatement of the action or dismissal as prematurely brought rather than a dismissal on the merits in any case. However, we believe that the better course

is as we have outlined above. The actions in the circumstances of this case should have been neither dismissed nor abated but proceedings should have been stayed until the forty-day period had expired. In situations wherein the statute of limitations would not expire the forty-day waiting period should be observed.

Consequently, for the reasons stated, the judgments of dismissal are hereby vacated and the papers in the cases are remanded to the Superior Court for further proceedings. It is unnecessary for us to consider the issues raised by the petition for certiorari in detail. We shall grant the petition pro forma since the actions filed after the expiration of the statute of limitations may now be dismissed as surplusage.