Russell S. SERPA

v.

Sarah AMARAL et al.

Russell S. SERPA

v.

Victor DEMEDEIROS et al.

No. 93–169–A.

Supreme Court of Rhode Island.

Jan. 20, 1994.

Charles Kirwan, Pawtucket, Annette Elseth, Lovett, Schefrin & Gallogly, Prvidence, for plaintiff.

Claire J. Richards, Hinckley, Allen, Snyder & Comen, Providence, for defendant.

## OPINION

PER CURIAM.

This matter was before the Supreme Court pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff in this case has appealed from a Superior Court justice's granting of a motion for summary judgment by the defendants on a finding that the plaintiff,

Russell S. Serpa, had failed to notify the Bristol Town Council of his claims that form the basis for two consolidated lawsuits as required by G.L.1956 (1991 Reenactment) § 45–15–5.[1] The defendants here are the town administrator, and the town treasurer in their official capacities and as members of the Board of Trustees of the Police Department Retirement Plan Fund of the Town of Bristol (Bristol retirement board) and the chairman of that board of trustees.

In October of 1980, plaintiff and defendant town administrator entered into an agreement under the terms of which the town agreed to pay plaintiff $6,000 contingent upon council approval. The agreement also provided that plaintiff would be allowed to apply for a disability pension. The agreement also provided that plaintiff's disability was not work related. In March 1982 the board of trustees of the Bristol retirement board awarded a disability pension to plaintiff.

In 1982 plaintiff filed two suits against the town arising out of an alleged breach of the agreement. In the first complaint filed on August 2, 1992, he alleged the town had failed to pay him the $6,000 agreed upon. He demanded $10,000 plus interest. By check dated August 4, 1992, the town paid plaintiff $6,000. In the second suit plaintiff claimed he was entitled to receive disability payments retroactive to the date of the agreement rather than from the date on which the Bristol retirement board found that he was eligible. The defendants moved for summary judgment based on lack of notice under § 45–15–5, and the motion was granted.

We have held:

"There is no question that § 45–15–5 requires every person who has a monetary claim against a municipality to present to the town or city council a particular account of his or her claim and if due satisfaction is not made by the * * * treasurer within forty days * * * such person may commence his or her action against the

treasurer." *Bernard v. Alexander,* 605 A.2d 484, 485 (R.I.1992).

We have also said:

"It is our belief that the Legislature, in enacting what is now § 45–15–5 by speaking in terms of 'claim,' 'debt,' 'damages,' or 'demand,' was using these words in a monetary context." *State v. Eight Cities and Towns,* 571 A.2d 27, 29 (R.I.1990).

■ This court has never waived the notice requirements on the basis of the municipality's actual knowledge. The plaintiff has failed to give any authority for his argument that the $6,000 payment constituted a waiver. Although the payment might have been prompted by the law suit, it was made pursuant to the parties' agreement.

■ Although a municipality may waive the lack-of-notice defense by failing to plead it, there is no question that the defense was raised in defendants' amended answers. We are not aware of any authority for the proposition that the defense can be waived by engaging in discovery.

■ The plaintiff's argument that § 45–15–5 does not apply to the second suit because it is against the Bristol retirement board not the town also fails. In *Hervieux v. Papineau,* 611 A.2d 838, 841 (R.I.1992), we examined the relationship between the Pawtucket Water Supply Board (WSB) and the city of Pawtucket and decided that they were the same corporation. It would appear that a pension board that is composed of town officials and serves town employees is a municipal board for the same reasons the WSB in Pawtucket was found to be part of the municipal corporation.

■ The plaintiff's claim that the first suit is in the nature of a mandamus action and not subject to the requirement of § 45–15–5 is raised in this court for the first time. Therefore, we will not consider it. The fact is that the action was one seeking the enforcement of a contract for the payment of money.

1. General Laws 1956 (1991 Reenactment) § 45–15–5 provides that any person who has a claim or demand against a city or town must wait forty days after presenting to the council an account of the person's claim, debt, damage, or demand before filing suit on the matter.

■ We do note, however, that summary judgment is not appropriate in this case because that would presuppose an adjudication of the claim on the merits. In *Bernard v. Alexander*, 605 A.2d 484 (R.I.1992), we said that failure to comply with the forty day notice statute would make the action subject to abatement or to dismissal as prematurely brought rather than dismissal on the merits.

■ Since this action was filed within the statute-of-limitations period and it should be abated or dismissed as prematurely brought, the dismissal is not one on the merits. Therefore under G.L.1956 (1985 Reenactment) § 9–1–22 the plaintiff has one year from the date of its termination in which to comply with § 45–15–5 and bring the action again. *See Blessing v. Town of South Kingstown*, 626 A.2d 204 (R.I.1993).

For these reasons the appeal is sustained, the judgment appealed from is vacated, and the papers of the case are remanded to the Superior Court for further proceedings.