Margaret E. RENAUD, et al.

v.

Roy C. EWART, et al.

No. 96–236–Appeal.

Supreme Court of Rhode Island.

Feb. 13, 1998.

Anthony Gallone, Providence.

Paul P. Baillargeon, North Smithfield.

## ORDER

This case came before the court on December 8, 1997, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. Roy C. Ewart and Kathleen T. Ewart (defendants) appeal from a Superior Court order permanently enjoining them from evicting Margaret, Aimee, Michael, and Patricia Renaud (plaintiffs) from property located in North Smithfield, Rhode Island, imposing a constructive trust upon the real estate, and ordering Mr. Ewart to reconvey the property to Margaret E. Renaud (Mrs. Renaud). After the hearing the arguments of counsel and reviewing the memoranda of the parties, we are of the opinion that cause has not been shown and the appeal will be decided at this time. The facts of this case insofar as are pertinent to this appeal are as follows.

Mrs. Renaud and her ex-husband, Roger B. Renaud, purchased a piece of property located at 90 Woonsocket Hill Road, North Smithfield in December, 1961. The Renauds were divorced in 1977 and Mrs. Renaud became the sole owner of the property where she continued to live with her then minor children. By 1987, however, the property was in desperate need of repair. Unfortunately, Mrs. Renaud was without the necessary funds to have the work done.

Mrs. Renaud claims that defendants, who are her daughter and son-in-law, offered to loan her the money to make the necessary repairs to the house. The defendants told her, though, that in order to obtain financing for the work, they would need her to convey

the property to them. Mrs. Renaud further states that all parties completely understood that the conveyance was temporary and would remain in defendants' name only until such time as she was able to pay off the loan taken by defendants to renovate the premises. Accordingly, the parties agreed that defendants would take out a loan for approximately $20,000 and Mrs. Renaud would repay it in the form of $300 monthly rental payments. The property was officially conveyed to the Ewarts on June 16, 1987.

In 1995, defendants were divorced and as part of the final decree, Kathleen Ewart was ordered to convey here interest in the house to her husband. she did so by way of quitclaim deed dated July 20, 1995. In August of 1995, Mr. Ewart sent a "notice of termination of tenancy" to Mrs. Renaud and the children remaining in her home. The plaintiffs responded by filing a complaint against defendants seeking to enjoin Mr. Ewart from evicting them from the house, requesting a trust be imposed on the real estate for the benefit of Mrs. Renaud, and asking that the real estate be conveyed back to Mrs. Renaud. The court issued a temporary restraining order preventing Mr. Ewart from evicting plaintiffs, subject to the payment of rental arrearages.

The matter came before a trial justice of the Superior Court for a consolidated hearing on the preliminary injunction as well as the merits of the case. At the conclusion of the hearing, the trial justice found that in June of 1987, the Renaud family homestead was in desperate need of repair and that Mrs. Renaud in her desperation turned to her daughter and son-in-law. The trial justice found that Mrs. Renaud completely trusted defendants, that they knowingly accepted this trust, and that based upon this trust, Mrs. Renaud was induced to convey her family home to defendants. The trial justice concluded that defendants' attempt to evict plaintiffs from the property was a "blatant violation of the constructive trust that was created in 1987." Accordingly, the trial justice granted a permanent injunction preventing Mr. Ewart from going forward with the eviction action, imposing a constructive trust upon the real estate for the benefit of

Mrs. Renaud, and ordering Mr. Ewart to reconvey the property to her. The trial justice also ordered that Mrs. Renaud assume the existing mortgage in order to compensate Mr. Ewart for any investments and improvements he made to the property. From this order, defendants appeal.

On appeal, defendants argue, in substance, that the trial justice erred in imposing a constructive trust on the property as there was no evidence to support a finding of a fiduciary relationship between the parties or to demonstrate undue influence, fraud, or breach of promise on the part of defendants. In addition, defendants assert that the trial justice should have awarded damages to them instead of ordering Mrs. Renaud to pay the mortgage as compensation. We disagree.

The underlying principle of a constructive trust is the equitable prevention of unjust enrichment of one party at the expense of another in situations in which legal title to property was obtained by fraud or in violation of a fiduciary or confidential relationship. *See Simpson v. Dailey,* 496 A.2d 126, 128 (R.I.1985). In such instances, a plaintiff bears the burden of proving by clear and convincing evidence (1) the existence of a fiduciary relationship between the parties and (2) either a breach of some promise *or* an act involving fraud that occurred as a result of this confidential association. *See Clark v. Bowler,* 623 A.2d 27, 29 (R.I.1993) (emphasis added); *see also Simpson,* 496 A.2d at 128–29; *Cahill v. Antonelli,* 120 R.I. 879, 882–83, 390 A.2d 936, 938 (1978). "There are no hard and fast rules about when a confidential relationship will be found. The court may consider a variety of factors, including the reliance of one party upon the other, the relationship of the parties prior to the incidents complained of, [and] the relative business capacities or lack thereof between the parties." *Simpson,* 496 A.2d at 129.

In the present case, numerous affidavits were submitted by both parties and testimony was elicited that amply support the findings made by the trial justice. All parties agree that in June of 1987, Mrs. Renaud was in desperate need to preserve her home for

herself and her then dependent minor children. Various members of the Renaud family stated that they understood that such conveyance was not meant as any kind of gift or unqualified transfer of their mother's ownership, but was made only to make financing available for the improvement of that property and that full ownership of the family homestead would revert to Mrs. Renaud once the loan was paid off. Mindful of the deference afforded the findings of fact of a trial justice sitting without a jury and considering all of the evidence presented in this case, we are unwilling to say that the trial justice erred in finding a fiduciary relationship between the parties, or a breach thereof, when defendants attempted to evict Mrs. Renaud from the property and claim it as their own. *See Technology Investors v. Town of Westerly,* 689 A.2d 1060, 1062 (R.I.1997).

In so doing, we note that the trial justice found defendants' testimony to be incredible. The trial justice rejected defendants' proffered testimony regarding an alleged $3,000 payment made by them to Mrs. Renaud's ex-husband Roger Renaud. The trial justice found that Mr. Renaud had no reason to deny receiving the money from defendants but that they had every reason to have created that scenario with respect to payment. The trial justice held that this misstatement "taints everything that the Ewarts have tried to say about this transaction."

Likewise, we fail to detect any error in the part of the trial justice in declining to award damages to defendants for sums owed to them by Mrs. Renaud. The evidence presented was not clear in this case as to the exact amount defendants spent in repairing the property and paying the real estate taxes. Several of Mrs. Renaud's children support her assertions that the repairs to the property were never completed and that they were forced to pay for some of the repairs themselves to prevent the loss of the house. Furthermore, there was some indication that some of the loan proceeds were used by Mr. Ewart in his personal business venture. These facts, together with the trial justice's finding that defendants' lacked credibility, rendered a precise calculation of actual damages nearly impossible. Accordingly we hold that the imposition of a duty upon Mrs. Renaud to pay off the existing mortgage to be a fair and reasonable solution and well within the equitable jurisdiction of the Superior Court.

The defendants appeal is denied and dismissed and the order appealed from is affirmed. The papers in this case may be remanded to the Superior Court.