John J. CULLEN

v.

**LINCOLN TOWN COUNCIL et al.**

**No. 2008–14–Appeal.**

Supreme Court of Rhode Island.

Dec. 5, 2008.

Robert G. Senville, for Plaintiff.

Michael A. DeSisto, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

_____

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on October 31, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and we shall decide this appeal without further briefing and argument. We affirm the judgment of the Superior Court.

## Facts and Travel

This dispute arises from the sale by the Town of Lincoln (town) of a parcel of land on Breakneck Hill Road (property). On April 15, 2004, the Lincoln Town Council (town council or defendant) published a notice of a town council meeting to be held on April 20, 2004 (meeting). The notice announced that one of the agenda items that would be discussed during the meeting was the "[p]roposed [s]ale of AP 25 Lot 168." During the meeting, the town council discussed the sale of the property to a developer, RJB Properties, LLC (RJB Properties), owned by Ralph J. Branca (Branca), as well as the need for a zone change before RJB Properties could develop the property. The town council adopted a motion approving the sale of the property to RJB Properties for a sum "not less than $67,000 [that was] subject to [a] zone change." On June 28, 2004, the town and Branca entered into a purchase and sales agreement, which permitted Branca to assign his interest to another entity upon notice to the seller. On May 16, 2005, in accordance with the assignment provision, Branca transferred his interest to BTSRJB, LLC (BTSRJB), a company he owned, and the town conveyed the property to BTSRJB, for $67,000, consistent with the "resolution passed and adopted by the Lincoln Town Council on April 20, 2004."

On June 27, 2006, Lincoln resident John J. Cullen (Cullen or plaintiff) filed a complaint in the Superior Court alleging a violation of the Rhode Island Open Meetings Act, G.L.1956 chapter 46 of title 42(act). Cullen alleged that the town council failed to hold an open meeting to discuss the conveyance of the property to BTSRJB in violation of the act, and he sought an order declaring the conveyance

null and void.[1] During discovery, Cullen learned that William E. Coyle, Jr. & Associates had appraised the property (Coyle appraisal) and valued the parcel at $161,700. Mr. Coyle provided Cullen with a copy of the appraisal, the invoice for the appraisal, and a record of payment by the town. The Coyle appraisal was not discussed during the April 20, 2004 meeting, despite the fact that the town council president questioned why Coyle, who usually did appraisals for the town, had not submitted an appraisal for this property. Moreover, the town clerk was unable to find either the town's original copy of the appraisal or the copy that Branca says he gave to the then-town administrator, Susan Shepard. We note that the Coyle appraisal, which the town paid for, but has no record of, valued the property at a price substantially more than twice the amount that BTSRJB paid.

Cullen filed an amended complaint and alleged that the town council "willfully and knowingly concealed this appraisal from discussion at an open meeting," and that this failure to discuss the Coyle appraisal constituted a violation of the act. The town council moved for summary judgment and argued that it had complied with the requirements of the act and that plaintiff's complaint was time-barred because the act requires that a complaint be filed within 180 days of the meeting in which the purported violation occurred.

The trial justice determined that there was no evidence of conduct by the town council that would constitute a violation of the act. The plaintiff conceded that the notice of the meeting was not misleading, but he argued that the discussion during the meeting misled the public with respect to the existence and substance of the Coyle appraisal. The trial justice concluded that even if plaintiff was correct in his assertions concerning the Coyle appraisal, this would not constitute a violation of the act. Consequently, the trial justice granted defendant's motion for summary judgment.

On appeal, plaintiff argues that the trial justice construed the act too narrowly and that the town council violated the intended purpose of the act and misled the public about the sale of the property. The defendant contends that the act is a notice statute and that the notice and publication of the meeting agenda complied with its provisions. The defendant also argues that plaintiff's complaint is time-barred because he failed to bring suit within 180 days of the alleged violation.[2]

## Standard of Review

"This Court reviews the grant of summary judgment on a *de novo* basis." *Willis v. Omar*, 954 A.2d 126, 129 (R.I.2008) (citing *United Lending Corp. v. City of Providence*, 827 A.2d 626, 631 (R.I.2003)). "[W]e will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Lucier v. Impact Recreation, Ltd.*, 864 A.2d 635, 638 (R.I. 2005)). "The party opposing summary judgment bears the burden of proving, by competent evidence, the existence of facts in dispute." *Id.* (quoting *The Providence Journal Co. v. Convention Center Authority*, 774 A.2d 40, 46 (R.I.2001)).

---

1. On December 8, 2006, the Superior Court granted a motion by Branca and BTSRJB to intervene as defendants.

2. Because we hold that the conduct in question does not violate the act, we do not reach the question of whether plaintiff's complaint is time-barred.

## Analysis

■ The stated purpose of Rhode Island's Open Meetings Act is to ensure that "public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy." Section 42–46–1. To effectuate this purpose, the act requires that "[a]ll public bodies shall give written notice of their regularly scheduled meetings at the beginning of each calendar year," § 42–46–6(a), and shall also give "supplemental written public notice of any meeting within a minimum of forty-eight (48) hours before the date." Section 42–46–6(b). The supplemental notice must include "the date the notice was posted, the date, time and place of the meeting, and a statement specifying the nature of the business to be discussed." *Id.*

Our careful review of the record leads us to conclude that there are no questions of material fact about the adequacy of the notice in this case. The meeting's agenda was published five days before the meeting and informed the public of the time and location of the meeting. The notice announced that the town council would discuss the "[p]roposed [s]ale of AP 25 Lot 168," the property in question. The plaintiff alleges that the town council violated the act because it failed to disclose or discuss the Coyle appraisal, which valued the property at a significantly higher price than the sale price, and, further, because the town council did not approve the sale of the property to the entity which ultimately purchased it. We are satisfied, however, that even if these allegations are true, plaintiff's claim fails as a matter of law. The act does not govern the veracity of the information discussed at a duly-noticed meeting or the wisdom or appropriateness of the public body's substantive decisions. Simply put, the act was not designed to govern the manner in which a public body performs the public's business.

Before this Court, Cullen argues that the act should be "broadly construed and interpreted in the light most favorable to public access." *Solas v. Emergency Hiring Council,* 774 A.2d 820, 824 (R.I.2001). The plaintiff urges this Court to adopt a broad interpretation of the term "open" that would require not only notice and access to a meeting, but also honest discussion during the meeting itself concerning all the business that comes before the body. Although these aspirations are laudatory, plaintiff's argument is unavailing.

■ When interpreting a statute, this Court's task is to "determine and effectuate the [General Assembly's] intent and [ ] attribute to the enactment the meaning most consistent with its policies or obvious purposes." *Tanner v. Town Council of East Greenwich,* 880 A.2d 784, 796 (R.I. 2005) (quoting *Keystone Elevator Co. v. Johnson & Wales University,* 850 A.2d 912, 923 (R.I.2004)). Even a broad reading of the statute cannot change the fact that the requirements of the act are satisfied by proper notice. The manner in which the meeting is conducted and the substantive decisions reached by the public body at a duly-noticed meeting clearly are not within the purview of the act. This Court will not interpret the term "open meeting" to extend to conduct that is not governed by the plain language of the statute. The judiciary may not properly create a new cause of action in order to deal with a particular perceived wrong. *See Bandoni v. State,* 715 A.2d 580, 584 (R.I.1998) ("[T]he creation of new causes of action is a legislative function.") (quoting *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1226 (R.I. 1996)); *see also State v. Lead Industries Association, Inc.,* 951 A.2d 428, 436 (R.I.

2008); *City of Pawtucket v. Sundlun,* 662 A.2d 40, 57 (R.I.1995).

Although the decision to sell the property for not less than $67,000, in light of the missing Coyle appraisal of $161,700, may reflect negligence, bad government, or worse, it is not a violation of the Open Meetings Act. A citizen who disagrees with a decision that the town council made to sell the property or with the process by which that decision was reached, may seek recourse at the next election and also may ask the Attorney General to investigate the transaction. It is not the function of the judicial branch to regulate the substantive decisions of a governing body based on a statute that is narrowly designed to ensure public notice of its meetings and nothing more.

### Conclusion

For the foregoing reasons, we affirm the entry of summary judgment in this case and remand the record to the Superior Court.